UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. TRINCHITELLA,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN REALTY PARTNERS, LLC, et al.,<br><br>Defendants. | No. 2:15-cv-02365-KJM-EFB<br><br><br><br>ORDER |

Following arbitration with defendant American Realty Partners, LLC ("ARP"), compelled by this court, *see* ECF No. 22 (prior order), plaintiff has moved to confirm the arbitration award, ECF No. 32 (motion). Defendants do not oppose the motion to confirm the arbitration award but have filed a motion to dismiss plaintiff's first amended complaint. ECF No. 41. Upon review, the court has determined the two pending motions do not need to be addressed concurrently, in the same order. Accordingly, and as explained below, the court GRANTS the motion to confirm the arbitration award and will address the motion to dismiss in a separate order.

Plaintiff and ARP arbitrated the following claims: "(1) breach of oral contract; (2) promissory fraud; (3) Arizona Consumer Fraud statute, A.R.S. § 44-1521 et seq.; (4) intentional
/////

1

misrepresentation; (5) negligent misrepresentation; and (6) common law fraud."[1] Interim Award, ECF No. 32-4, at 1−2.[2] The arbitrator found that ARP violated Arizona's consumer fraud statute and is liable to plaintiff in the amount of $201,131.51. Interim Award at 3; *see* Final Award, ECF No. 32-4, at 5. The arbitrator also found, under the parties' stipulation, their transaction would be rescinded and plaintiff would return his investment to ARP. Interim Award at 3; *see id.* at 2 (noting, "The parties stipulated that should [plaintiff] prevail, the transaction will be rescinded, and [plaintiff] will return the investment"). The arbitrator dismissed plaintiff's other claims and rejected ARP's defenses. *Id.* at 3; *see* Final Award at 7. The arbitrator also awarded plaintiff $72,112.14 in attorneys' fees, $18,085.47 in non-AAA costs and $9,375.00 in AAA costs. Final Award at 6.

Under § 9 of the Federal Arbitration Act ("FAA"), a party to an arbitration agreement may apply for an order confirming an arbitration award "any time within one year after the award is made . . . ." 9 U.S.C. § 9. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.* "[T]he [FAA] allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential—Bache Trade Servs., Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003) (reviewing FAA §§ 10−11). The court's review is "extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (citing *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991)).

/////

/////

/////

---

[1] Plaintiff withdrew his breach of written contract claim at the beginning of the evidentiary hearing. Interim Award at 2 n.1.

[2] Because both the Interim Award and Final Award are provided in ECF No. 32-4, the court cites to ECF page numbers to avoid confusion.

1 | Here, the motion is unopposed and nothing before the court supports correcting,
2 | striking or vacating any portion of the award. The motion to confirm the arbitration award is
3 | GRANTED.
4 | IT IS SO ORDERED.
5 | DATED: May 28, 2019.

_____
UNITED STATES DISTRICT JUDGE