UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. TRINCHITELLA, | Case No. 2:15-cv-02365-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| AMERICAN REALTY PARTNERS, LLC., et al., | |
| Defendants. | |

On June 19, 2019, the court explained it had confirmed plaintiff Ronald F. Trinchitella's arbitration award obtained against defendant American Realty Partners, LLC ("ARP"), but could not yet enter judgment as to ARP because Trinchitella had not sufficiently supported his request for interest. ECF No. 47 at 17; *see also* ECF No. 46 (order confirming arbitration award). Accordingly, the court permitted the parties to file supplemental briefs addressing the interest issue. ECF No. 47 at 17. Trinchitella submitted a brief, Pl. Br., ECF No. 49, but ARP's opportunity to respond passed without a filing.

I. PREJUDGMENT INTEREST

Courts award prejudgment interest to a prevailing plaintiff to compensate the plaintiff "for the loss of use of money due as damages . . . ." *Schneider v. Cty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (citation omitted). Typically, prejudgment interest accrues "from the time the claim accrues until judgment is entered . . . ." *See id.* Because "prejudgment interest is a substantive aspect of a plaintiff's claim, rather than a merely procedural mechanism," state law

governs the availability of prejudgment interest in federal diversity actions. *In re Exxon Valdez*, 484 F.3d 1098, 1100−01 (9th Cir. 2007) (citations omitted).

"In determining the enforceability of a choice of law provision in a diversity action, a federal court applies the choice of law rules of the forum state, in this case California." *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009) (citation omitted). Under California law, "a freely and voluntarily agreed-upon choice of law provision in a contract is enforceable 'if the chosen state has a substantial relationship to the parties or the transaction or any other reasonable basis exists for the parties' choice of law'" unless the party opposing enforcement of the provision "establish[es] both that the chosen law is contrary to a fundamental policy of California and that California has a materially greater interest in the determination of the particular issue." *1-800-Got Junk? LLC v. Superior Court*, 189 Cal. App. 4th 500, 513–15 (2010) (citation and emphasis omitted).

Here, as Trinchitella notes, ARP and Trinchitella entered into a subscription agreement containing a choice of law provision under which the "Agreement will be governed by and construed in accordance with the laws of the State of Arizona, without giving effect to any choice of law principles that would dictate the application of another State's law." Pl.'s Br. at 2; *see also* Subscription Agreement, ECF No. 51-3, ¶ 6. As the court has previously acknowledged, ARP is a company organized under the laws of Arizona with its principal place of business in Arizona and the events at issue here concern Trinchitella's investment in Arizona real estate. ECF No. 22 at 2−3. Accordingly, the court finds Arizona has a substantial relationship to the parties and their transaction. *See 1-800-Got Junk? LLC*, 189 Cal. Appl. 4th at 513. Moreover, nothing before the court suggests the parties' choice of law is contrary to California's fundamental policy or that California has a materially greater interest in the determination of these issues than Arizona. *See id.* Therefore, Arizona law governing prejudgment interest controls here.

Under Arizona law, prevailing parties are entitled to prejudgment interest on liquidated claims, and Section 44-1201 of the Arizona Revised Statutes sets a default of ten percent per annum prejudgment interest rate. *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103
/////

2

(9th Cir. 2001) ("[P]rejudgment interest on a liquidated claim is a matter of right." (quoting *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508 (1996)); A.R.S. § 44–1201(A).[1]

Trinchitella does not seek prejudgment interest predating issuance of the arbitration award. *See* Pl.'s Br. at 3−4. This is consistent with Arizona authority, under which a party's damages become ascertainable, and thus liquidated, upon an arbitration decision identifying damages owed. *See Roberts v. Del Webb Communities, Inc.*, No. 1 CA-CV 13-0119, 2015 WL 770366, at *6 (Ariz. Ct. App. Feb. 24, 2015) ("Here, the homeowners' claim for damages was unliquidated until after the panel's interim award. Once the panel set the amount of damages, however, the claim became liquidated."); *Collins v. D.R. Horton, Inc.*, 361 F. Supp. 2d 1085, 1094–95 (D. Ariz. 2005) ("[I]nterest was calculable as of the date of the Final Award and therefore liquidated, triggering interest as a matter of right under Ariz. Rev. Stat. § 44–1201."), *aff'd*, 505 F.3d 874 (9th Cir. 2007); *Creative Builders, Inc. v. Ave. Developments, Inc.*, 148 Ariz. 452, 456−58 (Ct. App. 1986) (holding claim for pre-award interest was submitted to arbitrator and thus merged in arbitration award, but trial court was not precluded from awarding interest accruing from date of award). Further, because the parties' agreement does not specify an interest rate, Section 44-1201(A)'s 10 percent rate applies. *Preston Collection Inc. v. Youtsey*, 765 F. App'x 190, 191 (9th Cir. 2019) ("The district court properly determined that the appropriate rate was 10% under Ariz. Rev. Stat. § 44-1201(A) and that the parties had not agreed to a lower interest rate in lieu of the statutory rate.").

/////

---

[1] Section 44-1201(A) provides:

> Interest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to. Interest on any judgment that is based on a written agreement evidencing a loan, indebtedness or obligation that bears a rate of interest not in excess of the maximum permitted by law shall be at the rate of interest provided in the agreement and shall be specified in the judgment.

Ariz. Rev. Stat. Ann. § 44-1201(A).

Accordingly, Trinchitella is entitled to prejudgment interest on the $201,131.51 arbitration award at 10 percent per annum accruing from November 16, 2017, the day the interim award was issued, until December 28, 2017, the date the final award was issued. From December 28, 2017, the date of the final award to the present date, the date of entry of judgment, Trinchitella is entitled to prejudgment interest on the $300,704.12[2] final award including attorneys' fees and costs at ten percent per annum. *See Roberts*, 2015 WL 770366, at *7 (plaintiffs entitled to interest on interim award on date of issuance and final award combining damages with fees and costs from date of issuance) (citation omitted).

II. POST JUDGMENT INTEREST

The award of post judgment interest in this case is mandatory and governed by federal law. *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988); 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). "A judgment confirming an arbitration award is treated similarly to any other federal judgment." *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023–24 (9th Cir. 2004) (citing 9 U.S.C. § 13). That is, "once an arbitration award is confirmed in federal court, the rate specified in § 1961 applies." *Id.* (citation omitted).

Under § 1961, post judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.[sic] the date of the judgment." 28 U.S.C. § 1961(a) (footnote omitted). Accordingly, Trinchitella is entitled to post judgment interest as set forth in 28 U.S.C. § 1961(a), accruing from the date of this judgment until the judgment is satisfied in full.

III. CONCLUSION

Following its confirmation of the arbitration award, *see* ECF No. 46, the court DIRECTS the Clerk of the Court to enter judgment against American Realty Partners, LLC in the

---

[2] $201,131.51 (award) + $72,112.14 (attorneys' fees) + $18,085.47 (non-AAA costs) + $9,375.00 (ARP costs) = $300,704.12. *See* ECF No. 51-2 at 2 (final award).

amount of $300,704.12, with prejudgment interest on the $201,131.51 interim award accruing at 10 percent per annum from November 16, 2017 until December 28, 2017, prejudgment interest on the $300,704.12 final award accruing from December 28, 2017 through today's date at 10 percent per annum, and post judgment interest as set forth in 28 U.S.C. § 1961(a) to accrue from today's date until the judgment is satisfied in full.

IT IS SO ORDERED.

DATED: July 24, 2019.

_____
UNITED STATES DISTRICT JUDGE