1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RONALD F. TRINCHITELLA, an              No.  2:15-cv-02365-KJM-EFB
      individual, as Trustee of the RONALD F.
12    AND BILLIE JEAN TRINCHITELLA
      FAMILY TRUST
13                    Plaintiff,              ORDER

              v.
14
      AMERICAN REALTY PARTNERS, LLC,
15    et al.,
                      Defendants.
16

17            This matter is before the court on a renewed motion to withdraw by Paesano

18    Akkashian Apkarian, P.C., counsel for defendants American Realty Partners, LLC ("ARP"),

19    Performance Realty Management, LLC ("PRM"), Corix Bioscience, Inc. ("Corix"), and Sean

20    Zarinegar, an individual.  Mot., ECF No. 63 at 4.  The court denied counsel's original motion for

21    failure to show good cause existed for withdrawal, among other reasons.  *See* Order, ECF No. 60.

22    Plaintiff and defendants have not filed oppositions.  For the following reasons, the court

23    GRANTS the motion to withdraw.

24    ////

25    ////

26    ////

27    ////

28

                                                 1

1   I.      LEGAL STANDARD

2           Eastern District of California Local Rule 182(d) provides that "an attorney who

3   has appeared may not withdraw leaving the client in propria persona without leave of the court[.]"

4   E.D. Cal. L.R. 182(d).  If withdrawal would leave a client without counsel, the rule requires an

5   attorney to file a formal motion and provide notice of the withdrawal to the client and all other

6   parties who have appeared.  *Id.*  The attorney must also file an affidavit stating the current or last

7   known address of the client and any other efforts made to notify the client of the motion to

8   withdraw.  *Id.*

9           California Rule of Professional Conduct 1.16 also requires an attorney "take[ ]

10  reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as

11  giving the client sufficient notice to permit client to retain other counsel . . . ."  Cal. R. Prof.

12  Conduct 1.16(d) (effective June 1, 2020) (footnotes omitted).   The Rules of Professional Conduct

13  permit withdrawal where "a continuation of the representation is likely to result in a violation of

14  [the] rules or the State Bar Act," as well as when "the client knowingly[ ] and freely assents to the

15  termination of representation."  *Id.* 1.16(b)(9), (6) (footnote omitted).

16          The decision to grant or deny a motion is within the court's discretion.  *United*

17  *States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *McNally v. Eye Dog Found. for the Blind,*

18  *Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).  Courts

19  consider first whether there is good cause for withdrawal.  *Johnson v. California Dep't of Corr. &*

20  *Rehabs.*, No. 1:09-CV-00502-OWW-SMS, 2009 WL 2447705, at *1 (E.D. Cal. Aug. 7, 2009).

21  Courts in this circuit also consider several factors including reasons for withdrawal, potential

22  prejudice to clients and other litigants, harm to the administration of justice and possible delay.

23  *Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15,

24  2010) (citation omitted).

25  ////

26  ////

27  ////

28  ////

2

1    II.    DISCUSSION

2            In the instant motion, counsel has provided further explanation of why good cause

3    exists to allow withdrawal.  Counsel explains that the State of Idaho, Department of Finance,

4    Securities Bureau has filed a complaint against defendants Mr. Zarinegar and PRM alleging they

5    misused investor funds and defendant Corix received some of those benefits.  Mot. ¶ 3 (citing

6    *State of Idaho v. Sean Zarinegar, et al.*, No. CV01-18-13410).  Counsel believes this creates a

7    conflict between its current clients, defendant Cerix, on the one hand, and defendants Mr.

8    Zarinegar and PRM on the other, potentially placing counsel in violation of California Rule of

9    Professional Conduct 1.7(d)(3) (representation permissible only where "the representation does

10   not involve the assertion of a claim by one client against another client represented by the lawyer

11   in the same litigation or other proceeding before a tribunal").  *Id.* ¶¶ 4, 11 (citing Cal. R. Prof.

12   Conduct 1.7(b) ("A lawyer shall not, without informed written consent[] from each affected client

13   and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's

14   representation of the client will be materially limited by the lawyer's responsibilities to or

15   relationships with another client . . . .").  Furthermore, defendant explains, defendants Corix and

16   ARP are no longer operating and do not have resources to pay the costs associated with this

17   litigation.  *Id.* ¶ 5; *see McNally v. Commonwealth Fin. Sys., Inc.*, No. 12-CV-2770-IEG MDD,

18   2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) (finding corporation's inability to pay fees was

19   good cause for withdrawal).  The court finds these reasons constitute good cause for withdrawal.

20           The court previously noted counsel failed to comply with the Local Rules by

21   including an affidavit stating "the current or last known address or addresses of the client and the

22   efforts made to notify the client of the motion to withdraw," E.D. Cal. L.R. 182(d); Order at 3.

23   Counsel's renewed motion includes an affidavit with this information.  Mot., Ex. A (Bone Decl.).

24           As the court also noted in its previous order, granting this motion would leave

25   corporate defendants ARP, PRM and Corix without counsel, effectively place ARP, PRM and

26   Corix in immediate violation of Local Rule 183(a).  *See* E.D. Cal. L.R. 183(a) ("A corporation or

27   other entity may appear only by an attorney.").  It would also leave individual defendant

28   Zarinegar pro se.  The court previously denied counsel's motion in part because it did not

3

1  describe counsel's efforts to advise the clients of the rules and their risk of violation should this

2  court allow the firm's lawyers to withdraw.  Order at 3.  Counsel has now provided a declaration

3  stating that counsel has advised Corix and Mr. Zarinegar of this motion and Corix has been

4  notified it will be violating the Local Rules if new counsel is not retained.  Bone Decl. ¶¶ 2–3.

5  Corix has consented to the withdrawal, but Mr. Zarinegar has not.  *Id.* ¶¶ 2–3.  In the motion,

6  counsel represents that its firm has advised ARP and PRM of the implications of withdrawal,

7  Mot. ¶ 7.  Mr. Bone's declaration states ARP and PRM were provided copies of the motion.[1]  On

8  this record, the court is satisfied that defendants have been advised of the implications of

9  counsel's withdrawal.

10          Finally, the court finds withdrawal will cause minimal prejudice to defendants

11  given that the court will stay the case for 30 days to allow defendants to retain new counsel and

12  this case is not close to trial.  The resulting delay is also de minimis.

13  III.    <u>CONCLUSION</u>

14          For these reasons the motion to withdraw by Paesano Akkashian Apkarian, P.C. is

15  GRANTED.   Defendants are granted 30 days to obtain new counsel, and the action is STAYED

16  for that period.  New counsel should make an appearance on behalf of defendants by no later than

17  30 days from the date of this order.  *See Indymac Fed. Bank, F.S.B. v. McComic*, No. 08-CV-

18  1871-IEG WVG, 2010 WL 2000013, at *2 (S.D. Cal. May 18, 2010) (ordering same).

19          This order resolves ECF No. 63.

20          IT IS SO ORDERED.

21  DATED:  August 13, 2020.

23                              CHIEF UNITED STATES DISTRICT JUDGE

---

27          [1] A motion for default judgment against ARP is still pending, ECF No. 59, and was
submitted by the court on March 13, 2020, ECF No. 65.

4