UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. TRINCHITELLA, | No. 2:15-cv-2365-KJM-EFB |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMERICAN REALITY PARTNERS, LLC, et al., | |
| Defendants. | |

This case is before the court on plaintiff's motion for default judgment against defendant American Housing Income Trust, Inc ("AHIT").[1] ECF No. 59. For the reasons stated below, it is recommended the motion be denied.[2]

I.   Background

This action arises from a $150,000 investment plaintiff made with defendant American Reality Partners, Inc. ("ARP") in February 2014. Representatives of ARP and defendant Performance Reality Management ("PRM") allegedly solicited plaintiff to make the investment.

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19). *See* 28 U.S.C. § 636(b)(1).

[2] The court determined that oral argument would not materially assist in the resolution of plaintiff's motion. Accordingly, the matter was ordered submitted on the briefs. ECF No. 65. *See* E.D. Cal. L.R. 230(g).

1

During the solicitation, plaintiff was assured that his investment would generate a minimum annual return of 8 percent, although the projected return was reported to be substantially higher. More than a year after making the investment, no returns materialized. Instead, in early 2015 plaintiff allegedly was notified that his investment resulted in a loss exceeding $35,000.

In September 2015, plaintiff filed this action in the San Joaquin County Superior Court against ARP and PRM, both limited liability companies organized under Arizona law; AHIT, a Maryland corporation alleged to be the successor in interest to ARP; and Sean Zarinegar, AHIT's CEO. ECF No. 1. The original complaint alleged claims for: (1) breach of written contract, (2) breach of oral contract, (3) promissory fraud, (4) consumer fraud, (5) intentional misrepresentation, (6) negligent misrepresentation, and (7) common law fraud. *See generally id*.

Defendants removed the case to this court (ECF No. 1) and moved to dismiss the complaint for lack of personal jurisdiction (ECF No. 4). Alternatively, ARP moved to compel arbitration. *Id*. The court denied the motion to dismiss as to ARP, PRM, and Zarinegar, but granted it as to AHIT, finding it was not subject to personal jurisdiction in this court. ECF No. 22. Plaintiff, however, was granted leave to amend to cure the jurisdictional deficiency. *Id*. The court also granted ARP's motion to compel arbitration and stayed the case pending arbitration of all claims against ARP. *Id*.

Following arbitration, the court granted plaintiff's motion to confirm the arbitration award against ARP. ECF No. 46. The parties also stipulated to plaintiff filing an amended complaint "to add a successor entity (Corix Bioscience, Inc., . . . which is the successor to AHIT)." ECF No. 33. Plaintiff subsequently filed a first amended complaint, alleging claims against ARP, PRM, Zaniegar, AHIT, and Corix Bioscience, Inc. ("Corix"). ECF No. 35.

Thereafter, ARP, PRM, Zaniegar, and Corix moved for dismissal of the first amended complaint. ECF No. 41. Although AHIT was represented by the same attorney representing all other defendants, it did not join in the motion to dismiss nor advance arguments on its behalf. *Id*.; *see* ECF No. 47 at 9 n.9. After resolution of that motion—which was granted in part and denied in part—plaintiff filed a second amended complaint (ECF No. 48) and a request for entry of AHIT's default (ECF No. 50), which the clerk entered on July 10, 2019 (ECF No. 52). Shortly

2

thereafter, defendants ARP, PRM, Zarinegar, and Corix filed an answer (ECF No. 53), which was concurrently filed with their attorney's request to withdraw as counsel (ECF No. 54).[3]

In February 2020, plaintiff filed the instant motion seeking default judgment against AHIT. ECF No. 59.

II.     Discussion

As explained below, AHIT has not failed to respond to the second amended complaint. It timely filed an answer under its current corporate name, Corix Bioscience, Inc. *See* ECF No. 53 at 1 (answer filed on behalf of "CORIX BIOSCIENCE, INC., A WYOMING CORPORATION F/K/A AMERICAN HOUSING INCOME TRUST INC. a Wyoming corporation."). Although plaintiff has treated AHIT and Corix as separate entities, that is not the case. In the second amended complaint, plaintiff specifically alleges that on May 12, 2017, AHIT changed its name to Corix Bioscience, Inc. ECF No. 48 ¶ 4. Despite acknowledging AHIT merely changed its corporate name, plaintiff's complaint asserts claims against AHIT and Corix as two separate and distinct defendants. *See generally* ECF No. 48.

Presumably, plaintiff's confusion stems from AHIT being incorporated in Maryland while Corix's current state of incorporation is Wyoming. But records maintained by those states reflects that AHIT and Corix are one and the same, not that Corix is a separate corporation that acquired the assets and liabilities of AHIT. The Maryland Secretary of State's website reflects that in May 2017, AHIT changed its name to Corix Bioscience, Inc.[4] This action was completed by amending the corporate charter, not by creating a new corporate entity. *See* Md. Corp. & Assns § 2-605; *Pitman v. Aran*, 935 F. Supp. 637, 644 (D. Md. 1996) (under Maryland law, change in corporate name "is without legal effect."); *see also Alley v. Miramon*, 614 F.2d 1372,

---

[3] Although counsel's motion was denied (ECF No. 60), the court recently granted counsel's renewed motion to withdraw as attorney (ECF Nos. 63 & 67).

[4] The court takes judicial notice of the AHIT entity profile from the Maryland Secretary of State's website and the Corix entity profile from the Wyoming Secretary of State's website. Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033 34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

1384 (5th Cir. 1980) ("[A] change of corporate name does not change the identity of a corporation, nor does it affect the corporation's rights, properties, or liabilities).

Under its new name, Corix Bioscience, Inc., the corporation then filed "Foreign Profit Corporation Articles of Continuance" with the Wyoming Secretary of State. *See* Wyo. Stat. Ann. § 17-16-1810 (permitting a foreign corporation to "apply to the secretary of state for registration under this act, thus continuing the foreign corporation in Wyoming as if it had been incorporated in this state."). Corix's redomestication to Wyoming had no legal impact on the corporation's assets and liabilities. *See* Wyo. Stat. § 17-16-1810(f) (a corporation's domestication to Wyoming "shall not affect the corporation's ownership of its property or liability for any existing obligations, causes of action, claims, pending or threatened prosecutions or civil or administrative actions, convictions, rulings, orders, judgments, or any other characteristics or aspects of the corporation and its existence.").

Accordingly, it is clear that American Housing Income Trust., Inc. and Corix Bioscience, Inc. are the same entity. American Housing Income Trust., Inc. is simply a prior name used by the corporation now known as Corix Bioscience, Inc. Since Corix responded to both the first and the second amended complaints (ECF Nos. 62 & 41), it is not in default. Accordingly, plaintiff's motion for default judgment against American Housing Income Trust., Inc. must be denied.

III.   Conclusion

For the reasons stated above, it is hereby RECOMMENDED that plaintiff's motion for default judgment against American Housing Income Trust., Inc. (ECF No. 59) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 14, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE