UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. TRINCHITELLA, | Case No. 2:15-cv-02365-DAD-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMERICAN REALTY PARTNERS, LLC, *et al.*, | |
| Defendants. | |

Hardy Erich Brown & Wilson, local counsel for defendants American Realty Partners, LLC ("ARP"), Performance Realty Management, LLC ("PRM"), Corix Bioscience, Inc. ("Corix"), and Sean Zarineg, move to withdraw as counsel.[1] ECF No. 83.  Plaintiff has filed a statement of non-opposition.  I recommend that the motion be granted.

**Legal Standard**

Pursuant to the court's local rules, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall form to the requirements of those Rules."  E.D. Cal. L.R. 182(d).  If withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with

---

[1] The assigned district judge referred this motion to the undersigned. ECF No. 87.

1

1  notice of the motion to withdrawal. *Id.* The attorney must also submit an affidavit providing the
2  current or last known address of the client and describing the efforts made to notify the client of
3  the motion to withdraw. *Id.*

4        The California Rules of Professional Conduct permit withdrawal when "the client
5  knowingly[ ] and freely assents to the termination of representation" or when "a continuation of
6  the representation is likely to result in a violation of [the] rules or the State Bar Act." Cal. R.
7  Prof. Conduct 1.16(b)(6), (9) (footnote omitted). The decision to grant or deny counsel's motion
8  to withdraw is committed to the district court's discretion. *United States v. Carter*, 560 F.3d
9  1107, 1113 (9th Cir. 2009). "When ruling on motions to withdraw, courts consider: (1) the
10 reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3)
11 the harm withdrawal might cause to the administration of justice; and (4) the degree to which
12 withdrawal will delay the resolution of the case." *Bernstein v. City of Los Angeles*, No. CV 19-
13 03349 PA (GJSx), 2020 WL 4288443, at *1 (C.D. Cal. Feb. 25, 2020) (internal quotation marks
14 and citations omitted).

15                                                   **Discussion**

16       Counsel's motion demonstrates good cause for withdrawal. It explains that the State of
17 Idaho, Department of Finance, Securities Bureau has filed a complaint against defendants Mr.
18 Zarinegar and PRM that alleges they misused investor funds, with defendant Corix receiving a
19 portion of those benefits. ECF No. 83-1 at 2. Counsel contends that the claims and defenses in
20 that action are likely to "require adversarial position to be taken," and that this conflict potentially
21 places counsel in violation of the California Rules of Professional Conduct. *Id.* at 2-3; *see* Cal. R.
22 Prof. Conduct 1.7(d)(3) (providing that an attorney is permitted to represent a client only if "the
23 representation does not involve the assertion of a claim by one client against another client
24 represented by the lawyer in the same litigation or other proceeding before a tribunal"). Counsel
25 also explains that defendants Corix and ARP are no longer operating and have no resources to
26 pay the costs associated with litigating this case. ECF No. 83-1 at 2; *see McNally v.*
27 *Commonwealth Fin. Sys., Inc.*, No. 12-CV-2770-IEG MDD, 2013 WL 685364, at *1 (S.D. Cal.
28 Feb. 25, 2013) (finding that a corporation's consent and inability to pay fees was good cause for

counsel's withdrawal).

There is also no indication that allowing counsel to withdraw will harm the administration of justice, result in further delay of this case, or significantly prejudice plaintiff. Indeed, plaintiff does not oppose counsel's motion.[2]

Accordingly, it is hereby RECOMMENDED that Hardy Erich Brown & Wilson's motion to withdraw as counsel, ECF No. 83, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 7, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[2] Counsel requests that the court stay this action for thirty days to allow defendants an opportunity to obtain new counsel. ECF No. 83-3 at 3. I recommend that request be denied. Defendants have already been afforded ample time to retain new representation. In August 2020, the previously assigned district judge granted lead counsel's motion to withdraw and stayed the case to allow defendants an opportunity to hire a new attorney. ECF No. 67. Defendants neither retained new counsel during that stay—which remained in place for more than a year—nor have they done so since that time.