UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD F. TRINCHITELLA, | Case No. 2:15-cv-02365-DAD-JDP |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| AMERICAN REALTY PARTNERS, LLC, *et al.*, | |
| Defendants. | |

Plaintiff moves for default judgment against defendants American Realty Partners, LLC ("ARP"), Performance Realty Management, LLC ("PRM"), and Corix Bioscience, Inc. ("Corix"). ECF No. 77-1 at 1. I recommend that plaintiff's motion be denied without prejudice. I also recommend that plaintiff be ordered to show cause why his claims against defendant American Housing Income Trust, Inc. ("AHIT") should not be dismissed.

**Claims Against AHIT**

Plaintiff previously moved for default judgment against AHIT. In denying that motion, the court explained that although plaintiff has treated AHIT and Corix as separate defendants, the two are actually the same entity; AHIT merely changed its name to Corix Bioscience, Inc. ECF Nos. 68 & 69. Because Corix responded to both the first and second amended complaint, it was not in default when plaintiff filed his initial motion for default judgment.

1

Plaintiff, however, has not since addressed his claims against AHIT, which are identical to his claims against Corix. Given that the court has already determined that these defendants are one and the same, I recommend that plaintiff be ordered to show cause why his claims against AHIT should not be dismissed as duplicative of the claims against Corix.

**Motion for Default Judgment**

I.  Legal Standard

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against the action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

However, Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Generally, the granting of default judgment as to some claims or defendants is disfavored "in the interest of sound judicial administration." *Curtiss-Wright Corp. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *see also Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981) ("Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risk of multiplying

the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.").

II.    Discussion

Plaintiff moves for entry of default judgment against PRM and Corix and requests a "restatement/confirmation of the default judgment against Defendant ARP." ECF No. 77-1.

As an initial matter, plaintiff has not demonstrated that it is necessary or appropriate to confirm the judgment entered against ARP. In July 2016, the court granted defendants' motion to compel arbitration between plaintiff and ARP. ECF No. 22. After conducting an evidentiary hearing, the arbitrator concluded that ARP had violated Arizona's consumer fraud statute and was liable to plaintiff in the amount of $201,131.51. *Id*. at 2-3.[1] She also found that plaintiff was entitled to $72,112.14 for attorneys' fees, plus $27,460.47 for costs and expenses, bringing plaintiff's total award to $300,704.12. *Id*. at 5-6. Following arbitration, the court granted plaintiff's motion to confirm the arbitration award, ECF No. 46, and on July 24, 2019, the court directed the Clerk of Court to enter final judgment against ARP in the amount of $300,704.12. Thus, final judgment has already been entered as to ARP. Plaintiff neither makes any attempt to explain why a "restatement/confirmation" is needed cites any authority authorizing the requested relief. Accordingly, plaintiff's motion should be denied as to that defendant.

As for PRM and Corix, plaintiff's motion contains at least two basic deficiencies. First, plaintiff makes no attempt to show that default judgment is appropriate under the *Eitel* factors. Instead, he merely argues that Corix and PRM should be found liable for the arbitration award against ARP because these three entities are alter egos of each other, and because Corix is the successor to ARP. ECF No. 77-1 at 2. The arbitration award was based solely on plaintiff's claim for violation of Arizona's consumer fraud statute. Plaintiff, however, asserts six other claims against Corix and PRM, and his motion neither states that default judgment is sought on those additional claims nor requests that the claims be dismissed.

---

[1] The arbitrator dismissed plaintiff's five claims for "(1) breach of oral contract; (2) promissory fraud; (3) Arizona Consumer Fraud statute, A.R.S. § 44-1521 et seq.; (4) intentional misrepresentation; (5) negligent misrepresentation; and (6) common law fraud." ECF No. 32-4 at 1-3.

3

More fundamentally, plaintiff has not attempted, much less demonstrated, that entry of judgment is appropriate at this time.  The failure to address this issue is problematic given the nature of plaintiff's claims against Corix, PRM, and Zarinegar.  The crux of the second amended complaint is that Corix, PRM, and Zarinegar are jointly liable for the amount awarded against ARP in arbitration.  *See* ECF No. 48 at 2-3 (explaining that the second amended complaint "seeks to recover against the other defendants (as set forth herein) as the alter egos and successors in liability of ARP with respect to the Interim Award and Final [Arbitration] Award").  Plaintiff alleges that Corix is the successor in interest of ARP and that all defendants are alter egos of each other.  *Id*. at 2-8.  Plaintiff's alter ego theory rests heavily on Zarinegar's alleged conduct and his relationship with the remaining defendant entities.  *See, e.g.*, *id*. at 5 (alleging "that there exists and has existed (especially through Zarinegar's relationship with the entities) a unity of ownership and interest between the entity and individual Defendants, such that any individuality and separateness between them has ceased, and that each such Defendant is the alter ego of the other").

Significantly, plaintiff's claims against Zarinegar remain pending.  Should Zarinegar successfully defend against plaintiff's claims, there is a potential for inconsistent judgment.  For instance, Zarinegar might demonstrate—either at trial or on summary judgment—that neither he nor the corporate entities are alter egos of ARP.  It is also conceivable that a jury could find that while Zarinegar, Corix, and PRM are the alter egos of each other, they are not the alter egos of ARP, and that neither Corix nor PRM are successors to ARP.  Considering the potential for inconsistent judgments, I recommend that plaintiff's motion for default judgment be denied without prejudice to resolution of his claims against Zarinegar.  *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants.").

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for default judgment, ECF No. 77, be denied without prejudice.

2. Plaintiff be ordered to show cause, within fourteen days of any order adopting these

findings and recommendations, why his claims against American Housing Income Trust, Inc. should not be dismissed as duplicative of the claims against Corix.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 12, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE